MICHAEL CARDOZA, CA SBN 52264
JYOTI REKHI, CA SBN 234778
CARDOZA LAW OFFICES
1407 Oakland Blvd., Suite 200
Walnut Creek, California 94596
Telephone: (925) 274-2900
Facsimile:  (925) 274-2910

Attorneys for Defendant
Eric Omar Funes

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION
--oo0oo--

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:19-CR-00073-VC |
| Plaintiff, | |
| vs. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| ERIC OMAR FUNES, | |
| Defendant. | |

## I.      INTRODUCTION

Counsel for Eric Funes respectfully submits their memorandum to help this Honorable Court determine an appropriate sentence.

18 U.S.C. §3533(a) mandates that a court "impose a sentence sufficient, but not greater than necessary to comply with" federal sentencing goals. We do not excuse Mr. Funes' offense but under

1

the totality of circumstances, we urge the court to impose probation, with no jail time, and any other conditions the court deems appropriate.

**FACTORS SUPPORTING PROBATIONARY SENTENCE**

**A)  Nature of the Offense**

Federal felonies are, by definition, serious offenses. Mr. Funes is at the lower end of the guidelines with no elements of violence present, either previously or currently. "The defendant's motive for committing the offense is one important factor [in sentencing][1]" Mr. Funes' motive was to support his family while attempting to obtain a license to legally dispense marijuana in California.

Neither Congress nor the sentencing commission require imprisonment for Mr. Funes…where no minimum prison term is required, Congress thus not only envisioned, but accepted, the possibility that some guilty defendants….would receive no jail time at all[2].

Counsel suggests that a probationary sentence is appropriate.

**B)  Nature of Offender – Family and Hard Work**

Mr. Funes did not win the genetic lottery. He was afforded high school education and a life of manual labor with ancillary health issues. At the time of this incident, he was attempting to open his own delivery service. He had a marijuana permit in Oakland to deliver. He was attempting to obtain a state license to distribute. Mr. Funes is married with two young children. His wife works as an esthetician. They work to support their family on a limited income. A jail sentence would have a Draconian effect on the family dynamics.

---

[1] *See* Wisconsin v. Mitchell, 508 U.S. 476,485 (1993).

[2] United States v. Husein, 478 F. 3d 318, 332 (6th Cir. 2007).

**C) Collateral Consequences Fulfill Most Purposes of Sentencing**

As former President Bush recognized when he commuted Lewis Libby's perjury and obstruction sentence (from 30 months to probation), "the consequences of his felony conviction….will be long-lasting" and "harsh.".[3] Likewise, collateral consequences add significantly to Funes' punishment, while his unfortunate example deters others from similar misconduct.

Destruction of "professional capacity" and "ordinary livelihood," is "a pretty serious punishment already inflicted and carried out. . . and one that's likely to be permanent."[4] Even under mandatory Sentencing Guidelines, in *United States v. Gaind*[5] for example, a court could depart downward where the Guidelines failed to account for such a heavy consequence as a lost business.

If "circumstances of the case reveal that the purpose of sentencing have been fully or partially fulfilled . . . a sentence within the range set forth by the guidelines may not be 'greater than necessary' to satisfy 18 U.S.C. §3553(a)."[6] Mr. Funes has started over at the edge of a deep recession, and he will have to start over again if he goes into custody.

---

[3] *See* White House Office of the Press Secretary, "Statement by the President on Executive Clemency for Lewis Libby," July 2, 2007 (http://georgewbush-whitehouse.archives.gov/news/releases/2007/07/20070702-3.html/) (regarding United States v. Libby, Dist. Ct. No. 1:05-CR-00394-RBW-1 (D.D.C. 2007)).

[4] *United States v. Whitmore*, 35 Fed.Appx. 307, 322 (9th Cir. 2002) (two-level downward departure for deprivation of livelihood).

[5] 829 F. Supp. 669, 671 (S.D.N.Y. 1993).

[6] *United States v. Redemann*, 295 F. Supp.2d 887, 895-96 (E.D. Wis. 2003).

## II.     REQUESTED SENTENCE AND CONCLUSION

We recognize that respect for the law, just punishment, and deterrence demand supervision. But, too harsh a sentence fails to respect the law just as much as too lenient a sentence,"[7] and it violates the statute requiring the sentence to be no greater than necessary.

Given this case's circumstances, counsel submits the appropriate sentence is probation, and such other conditions as the Court deems appropriate.

DATED: August 29, 2022                                         /s/ Michael E. Cardoza

                                                               MICHAEL CARDOZA
                                                               Attorney for Defendant
                                                               ERIC FUNES

---

[7] *See* Justice Anthony Kennedy, Testimony before the Senate Judiciary Committee, February 14, 2007 ("Our sentences are too long, our sentences are too severe, our sentences are too harsh. . . there's no compassion in the system. There's no mercy in the system.").